Filed 9/25/25  P. v. White CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084678 |
| v. | (Super.Ct.No. FSB21003363) |
| JOHN JAMES SKIPPER WHITE, | OPINION |
| Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  William Jefferson Powell IV, Judge. Appeal dismissed.

James R. Bostwick, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal and Christopher P. Beesley, Deputy Attorneys General, for Plaintiff and Respondent.

1

## INTRODUCTION

Defendant and appellant John James Skipper White appeals the trial court's order denying his request for resentencing under Penal Code[1] section 1172.1 and California Assembly Bill No. 600. We dismiss the appeal.

## PROCEDURAL BACKGROUND

On November 7, 2022, defendant entered a plea agreement and pled guilty to voluntary manslaughter (§ 192, subd. (a), count 1). He admitted that he used a deadly weapon (§ 12022, subd. (b)(1)), his offense was a hate crime (§ 422.75, subd. (b)), and he had one prior strike conviction (§ 1170.12, subds. (a-(d)). The trial court sentenced him in accordance with the plea agreement to a total of 27 years in state prison.

On July 15, 2024, defendant filed a "Request for Recall and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." He "invit[ed]" the court to review his case, alleging that Senate Bills 81, 567, and 483 were not applied to his case.

On July 19, 2024, the trial court denied defendant's request without a hearing and issued a minute order stating that the motion "addressed issues which were considered and ruled upon on 03/29/24."[2]

Defendant filed a notice of appeal from the court's July 19, 2024, order.

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

[2] We note the appellate record does not contain a minute order or any other indication of a ruling made on March 29, 2024.

DISCUSSION

The Appeal Must Be Dismissed

Defendant contends reversal and remand for reconsideration of his request under section 1172.1 is called for because section 1171 now provides that any interested party can make a request for resentencing, not just the sentencing court and enumerated governmental entities, as specified in section 1172.1. The People argue that section 1171 does not create a right for defendant to petition the court for resentencing relief, as it states that its provision does not supersede "a more specific rule established in statute, in which case the more specific statute shall apply." (§ 1171, subd. (c).); further, section 1172.1 expressly states that "[a] defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).) In other words, section 1171 is inapplicable to defendant's motion made under section 1172.1, and since he had no right to petition for resentencing, his substantial rights were not implicated when the court denied his request; thus, the appeal must be dismissed. We agree with the People.

A. *The Trial Court's Denial of Defendant's Resentencing Request Under 1172.1 Did Not Affect His Substantial Rights*

At the outset, we note that "[s]ection 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992 (*Hodge*).) It "is a statutory exception to the general rule that '"once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify

3

the sentence.”’” (*Ibid*.)  Notably, section 1172.1, subdivision (c), expressly states:  “A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond.”

As the court explained in *People v. Faustinos* (2025) 109 Cal.App.5th 687 (*Faustinos*), a “defendant is not entitled to file a section 1172.1 petition [or] to receive a ruling if he nevertheless files one.  It follows that an appeal from an order acting on his petition (whether couched as a denial, dismissal, or any other statement that the court is not acting) does not affect the defendant’s substantial rights.  We lack the authority to rule on the merits of appeals from orders filed in response to a defendant’s attempt to seek resentencing under section 1172.1.”  (*Id*. at p. 696; see also, *Hodge*, *supra*, 107 Cal.App.5th at p. 999 [“a trial court’s order declining to exercise its discretion under section 1172.1 to recall a defendant’s sentence on its own motion after receiving the defendant's unauthorized request for such relief does not affect the defendant’s substantial rights under section 1237, subdivision (b)”].)  Accordingly, defendant’s appeal from the order denying his request for resentencing under section 1172.1 must be dismissed.  (See *Faustinos*, *supra*, 109 Cal.App.5th at p. 700 & *Hodge, supra*, 107 Cal.App.5th at p. 991.)

B.  *Section 1171 Does Not Override Section 1172.1, Subdivision (c)*

Defendant recognizes that section 1172.1 does not entitle a defendant to file a resentencing petition.  Thus, he does not challenge the court’s denial order under section

1172.1, but rather under section 1171. He claims that we should remand the matter for reconsideration under section 1171, which went into effect on January 1, 2025, since section 1171 does not limit the party requesting a resentencing "to the court and governmental entities." We conclude that section 1171 is inapplicable here.

"'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend.'" (*People v. Wilson* (2021) 66 Cal.App.5th 874, 878 (*Wilson*).)

Effective January 1, 2025, Assembly Bill 2483 enacted section 1171, which sets forth various procedures under subdivision (c) that apply to all postconviction proceedings to modify a sentence or conviction under ameliorative statutes, including section 1172.1. (§ 1171, subds. (a) & (c); Assem. Bill No. 2483, Stats. 2024, ch. 964, § 2.) Section 1171 states that the procedures set forth in subdivision (c) do not apply where "there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply." (§ 1171, subd. (c).)

The plain language of section 1171, subdivision (c) makes clear that its procedures do not apply if "there is a conflict with a more specific rule established in statute, in

5

which case the more specific statute shall apply." (§ 1171, subd. (c).) The language of section 1171, subdivision (c) requiring a trial court to take action in response to a request for resentencing conflicts with the more specific rule established in section 1172.1, which expressly states that "the court is not required to respond" to a defendant-initiated request under that section. (§ 1172.1, subd. (c).) Moreover, the section 1171, subdivision (c) language on its face applies only to those requests that are "authorized in law," which a defendant-initiated section 1172.1 petition is not. (§ 1171, subd. (c)(1) ["Upon receiving a request to begin a postconviction proceeding that is authorized in law . . . ."]; *Faustinos*, *supra*, 109 Cal.App.5th at p. 696.)

In sum, "section 1172.1, subdivision (c), not section 1171, subdivision (c), applies to defendant-initiated requests for recall and resentencing." (*People v. Brinson*, (2025) 112 Cal.App.5th 1040, 1049 (*Brinson*).) Accordingly, defendant's contention that the court's response to his request for resentencing did not comply with section 1171 is unavailing. (*Ibid.*) Rather, for the reasons explained in section A. *ante*, "a defendant who requests recall and resentencing under section 1172.1 — even after section 1171 became effective — does not have a substantial right at stake, and the trial court's decision on that request is not appealable." (*Ibid.*; see *Hodge, supra*, 107 Cal.App.5th at p. 996.)

In his reply brief, defendant argues that "[n]othing in the [court's] denial order indicates that the court was aware of its discretion [under section 1172.1, subdivision (a)] to order resentencing when there is a change in the law" and the court's "apparent

6

unawareness of its discretion" is grounds for remand. We need not consider this claim. "Withholding a point until the reply brief deprives the respondent of the opportunity to answer it, however. Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before. [Citations.] No good cause is shown here." (*People v. Baniqued* (2000) 85 Cal.App.4th 13, 29.)

<u>DISPOSITION</u>

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>FIELDS</u>
J.

We concur:

<u>RAMIREZ</u>
P. J.

<u>MENETREZ</u>
J.

7